IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03041-CMA-KLM

CUNNINGHAM LINDSEY U.S. INC.,

    Plaintiff,

v.

CRAWFORD & COMPANY,
ROBERT WILLIAMS,
ANDREW LARSON,
WILLIAM WALLS,
THOMAS WALLS, and
RYAN WALLS,

    Defendants.

---

**DEFENDANT CRAWFORD & COMPANY'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

---

On January 7, 2019, this Court entered an Order granting Defendant Crawford & Company's Fed. R. Civ. P. 12(b)(6) motion to dismiss, dismissing the only two counts in this case filed against Crawford, and dismissing Crawford as a defendant in this action. [ECF Doc. 105.] As such, pursuant to C.R.S. § 13-17-201 and C.R.S. § 13-16-113, Crawford hereby moves this Court to award Crawford its reasonable attorneys' fees and costs incurred in defending this action.

### I.   PROCEDURAL HISTORY

On December 15, 2017, Plaintiff Cunningham Lindsey U.S. Inc. filed a Complaint asserting two tort claims against Crawford—intentional interference with contracts (Claim 6) and intentional interference with prospective economic advantage (Claim 7)—and six claims against

individual defendants Andrew Larson, Ryan Walls, Thomas Walls, William Walls, and Robert Williams, all of whom are former employees of Plaintiff and were, at the time of that filing, employees of Crawford. [ECF Doc. 1.] On January 9, 2018, before any defendants responded to the initial complaint, Plaintiff filed an Amended Complaint, which maintained Plaintiff's two tort claims against Crawford as well as the claims against the individual defendants. [ECF Doc. 26.]

Starting in February 2018, counsel for the parties communicated several times regarding Plaintiff's withdrawal of Claim 8, with counsel for Plaintiff confirming on March 12 that Plaintiff would be amending its complaint to drop that claim. Defendants consented to Plaintiff's motion for leave to amend its complaint, and this Court granted that motion on March 23, 2018. [ECF Doc. 47.] As a result, Plaintiff's Second Amended Complaint was deemed filed as of March 23, 2018; that version of the complaint removed Claim 8, continued to maintain Plaintiff's two tort claims against Crawford and five claims against the individual defendants, and also included substantive changes to Plaintiff's factual allegations. [ECF Doc. 48.]

On April 6, 2018, pursuant to Fed. R. Civ. P. 12(b)(6), Crawford filed a Motion to Dismiss and Motion to Stay Disclosure and Discovery Pending Court's Ruling on Motion to Dismiss arguing that, despite two amendments, Plaintiff had still failed to adequately plead its claims against Crawford. [ECF Doc. 58.] The individual defendants filed their respective answers to the Second Amended Complaint that same day. [ECF Docs. 51, 52, 53, 54, and 55.] Counsel for Plaintiff asserted that Crawford's Motion to Dismiss was deficient because it failed to comply with CMA Civ. Practice Standard 7.1D. As such, on May 14, 2018, Crawford filed a substantively identical Amended Motion to Dismiss which included a CMA Civ. Practice Standard 7.1D Statement. [ECF Doc. 71.]

2

Instead of filing an opposition to Crawford's Amended Motion to Dismiss, on May 29, 2018, Plaintiff filed a Motion for Leave to Amend Complaint and Request to Stay Briefing on Motion to Dismiss and Motion to Stay. [ECF Doc. 88.] Plaintiff's Motion for Leave to Amend sought to file a Third Amended Complaint which included an additional count against Crawford. *Id.* Crawford opposed that motion, Plaintiff filed a reply, and on July 17, 2018, this Court denied Plaintiff's Motion for Leave to Amend Complaint and Stay Briefing. [ECF Doc. 86.] Plaintiff then filed its Opposition to Amended Motion to Dismiss on August 7 [ECF Doc. 87] and Crawford filed its Reply in support on August 21 [ECF No. 90].

On December 3, 2018, Magistrate Judge Mix issued a Report and Recommendation recommending that Crawford's Amended Motion to Dismiss be granted. [ECF Doc. 100.] Despite being advised of the ramifications for not doing so, Plaintiff did not file any objections to the Report and Recommendation. As such, on January 7, 2019, this Court issued its Order adopting and affirming the Report and Recommendation, thereby granting Crawford's Amended Motion to Dismiss, dismissing Claims 6 and 7 for failure to state a claim upon which relief may be granted, and dismissing Crawford as a defendant in this action. [Doc. 105.]

## II.   ARGUMENT

### A.   An Award of Crawford's Reasonable Attorneys' Fees Is Mandatory Under Colorado Law.

Crawford is entitled to an award of its reasonable attorneys' fees pursuant to C.R.S. § 13-17-201, which provides:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendants shall have judgment for his reasonable attorney fees <u>in defending the action</u>.

3

(emphasis added). *See Wark v. Board of County Comm'rs*, 47 P.3d 711 (Colo. App. 2002); *Barnett v. Denver Publ'g Co.*, 36 P.3d 145 (Colo. App. 2001); *Lyon v. Amoco Production Co.*, 923 P.2d 350, 358 (Colo. App. 1996) (while the application of C.R.S. § 13-17-201 "may seem harsh in certain instances" . . . "the statutory language is mandatory and leaves this court with no discretion").

C.R.S. § 13-17-201 "has been held equally applicable to a dismissal under Fed. R. Civ. P. 12(b) of a tort claim brought pursuant to Colorado law." *Brammer-Hoelter v. Twin Peaks Charter Academy*, 81 F.Supp.2d 1090, 1102 (D. Colo. 2000); *see Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000). Further, C.R.S. § 13-17-201 applies where all claims against a single defendant are dismissed on Rule 12 grounds, even though claims continue against other defendants. *Torres v. Am. Family Mut. Ins. Co.*, 606 F. Supp. 2d 1286, 1287 (D. Colo. 2009), *citing Jones,* 203 F.3d at 757.

Both of Plaintiff's claims against Crawford—intentional interference with contracts (Claim 6) and intentional interference with prospective economic advantage (Claim 7)—were tort claims which were dismissed pursuant to Fed. R. Civ. P. 12(b). Accordingly, Crawford is entitled to an award of its attorneys' fees associated with defending against this lawsuit.

### B. The Attorneys' Fees Requested by Crawford Are Reasonable.

Under C.R.S. § 13-17-201, recoverable attorneys' fees include all fees incurred in defending the dismissed action. *See Bechthold v. Chateau Custom Builders, Inc.*, No. 09CV1580, 2011 WL 7435147 (Colo. Dist. Ct. Sept. 28, 2011) (awarding all fees incurred in defending against the plaintiffs' action). To be clear, that includes all attorney fees that Crawford incurred in defending itself against this lawsuit, not just those that Crawford incurred in preparing and

4

briefing its successful motion to dismiss. *Id.*; *see also Dubray v. Intertribal Bison Coop.*, 192 P.3d 604, 607 (Colo. App. 2008) ("Nor are we persuaded that defendants were entitled to recover only the attorney fees incurred in preparing the motion to dismiss.").

Here, Crawford, as the employer of the individual defendants and as a defendant itself, has incurred more than $150,000 in attorneys' fees defending against Plaintiff's claims. Crawford does not, however, seek and award of all of those fees, instead seeking an award of $101,696.30, which represents (i) one hundred percent (100%) of the fees that Crawford incurred which are attributable to work performed solely to benefit Crawford (*i.e.*, Crawford's motion to dismiss and associated filings) and (ii) fifty percent (50%) of the fees and costs that Crawford—as the primary defendant and employer of the individual defendants—incurred which are attributable to general litigation work performed on the case (*e.g.*, initial investigation, motion to stay proceedings). Crawford is not seeking any fees that it incurred which are attributable to work performed solely for the benefit of the individual defendants (*i.e.*, individual answers).

These fees represent reasonable and necessary defense costs in this action. Pursuant to D.C.COLO.LCivR 54.3, an Affidavit of Jamie M. Konn, lead counsel, and an Affidavit of E. Job Seese, Colorado counsel, which set forth a detailed description of the services rendered, the amount of time spent, the hourly rates charged, and the total amounts claimed are attached as Exhibit 1 and Exhibit 2.

For more than a year, Crawford has been forced to defend itself and its employees in this action. During that time period, Crawford's counsel investigated facts, reviewed documents, and conducted interviews related to Plaintiff's allegations against Crawford and its new employees, reviewed Plaintiff's multiple complaints and various other filings, filed motions and responses to

motions, and otherwise defended this lawsuit. *See* Ex. 1, Konn Aff. at ¶ 3. In total, Crawford's counsel have spent more than 250 hours of time defending against this lawsuit through the January 7, 2019, Order granting Crawford's amended motion to dismiss. *See* Ex. 1, Konn Aff. at ¶ 10; Ex. 2, Seese Aff. at ¶ 5.

### a. This Matter Required Representation from Crawford's Nationwide Employment Counsel and Local Counsel.

Crawford was represented by DLA Piper LLP (US) and Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C. *See* Ex. 1, Konn Aff. at ¶¶ 1-2; Ex. 2, Seese Aff. at ¶ 3. Jamie M. Konn, a partner at DLA Piper, is Crawford's primary counsel for employment matters across the country and served as lead counsel for the defense team. *See* Ex. 1, Konn Aff. at ¶¶ 1-2. Mr. Konn's education, experience—including experience with restrictive covenants litigation involving Crawford and its competitors—and his extensive knowledge of Crawford's business and employment practices were, and remain, critical to providing effective and efficient representation, including the successful motion to dismiss. *Id.* at ¶ 2.

Mr. Konn and the other DLA Piper attorneys on the defense team formulated the overall strategy of the case, investigated Plaintiff's allegations against Crawford and the individual defendants, were the primary drafters of briefs, were the primary point of contact with Plaintiff's counsel and Colorado counsel, and kept in regular contact with the defendants. *Id.* at ¶ 4. Hall Estill served as Colorado counsel for Crawford and provided guidance on the local practice in the United States District Court for the District of Colorado. *See* Ex. 2, Seese Aff. at ¶ 3.

### b. DLA Piper Fees.

DLA Piper's work on this case was primarily handled by Mr. Konn and Arielle S. Eisenberg, a junior Employment associate (who is no longer at DLA Piper). *See* Ex. 1, Konn Aff.

6

at ¶ 4. They were assisted, on an as needed basis, by, James Rusert, senior Employment associate, and Chezelle McDade, Litigation paralegal. *Id*. In addition, Sydney S. Hu, a mid-level Employment associate, took over from Ms. Eisenberg when Ms. Eisenerbg left the firm. *Id*. Each of those DLA Piper timekeepers served different, and integral roles, in Crawford's defense of this action, and Crawford is seeking fees associated with the work of all of them. *Id*.[1]

The fees that DLA Piper charged Crawford in this action already reflect a significant reduction. First, the fees charged are based on a discount from DLA Piper's standard hourly rates for its attorneys and paralegals. *Id.* at ¶ 5. Second, Mr. Konn engaged in a conscious effort to reduce the total amount billed to Crawford in this case, by, among other things, not charging for certain projects, writing off potentially duplicative hours, and reducing hours that he believed were higher than may have been necessary for certain projects. *Id.* at ¶ 8. As a result of that effort, while DLA Piper's timekeepers performed $202,152 worth of work on this case through December 2018 (at the noted discounted rates), DLA Piper actually billed Crawford a total of $152,441 for that work. *Id*.

Although Crawford was billed $152,441 in fees for the work performed by DLA Piper, and has already paid that amount in total, Crawford is not seeking an award of that full amount. *Id*. at ¶¶ 11, 13. Rather, Crawford is seeking an award of $97,687.80 of DLA Piper's fees, which is comprised of one hundred percent (100%) of DLA Piper's fees billed for work performed related to Crawford's motion to dismiss, fifty percent (50%) of DLA Piper's fees billed for work performed on general litigation tasks on behalf of all defendants (with Crawford as the primary

---

[1] In accordance with D.C.COLO.LCivR 54.3(b)(1), summaries of the relevant qualifications and experience for each person for whom fees are claimed are provided in Exhibit 1 and 2, and professional biographies of attorneys are attached as Exhibit 3.

7

defendant and employer of the individual defendants), and zero percent (0%) of DLA Piper's fees billed for work performed solely on behalf of the individual defendants. *Id.* at ¶¶ 10-13.

### c. Hall Estill Fees.

Crawford is seeking fees associated with the work of two attorneys and three paralegals of Hall. *See* Ex. 1, Seese Aff. at ¶ 8. The attorneys are E. Job Seese, partner, and Conner Eversole, associate; the paralegals are Zachary Brewer, Vicki Robinson, and Connie Bursey. *Id.* The total amount of fees billed by Hall Estill for work performed from January 2018 to October 31, 2018, in defense of Plaintiff's action against Crawford is $4,008.50, which is comprised of one hundred percent (100%) of the Hall Estill fees billed for work performed solely on behalf of Crawford, fifty percent (50%) of the Hall Estill fees billed for work performed for general litigation tasks on behalf of all defendants (with Crawford as the primary defendant and employer of the individual defendants), and zero percent (0%) of the Hall Estill fees billed for work performed solely on behalf of the individual defendants. *See* Ex. 1, Seese Aff. at ¶ 5.

### C. An Award of Crawford's Reasonable Costs Is Also Mandatory Under Colorado Law.

Crawford is also entitled to an award of its costs under Colorado law pursuant to C.R.S. § 13-16-113(2), which provides:

> In all actions brought as a result of . . . an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, the defendant shall have judgment for his costs.

Like the Colorado attorneys' fees statute, the mandatory cost statute applies when a court, sitting in diversity, dismisses an action pursuant to the analogous Fed. R. Civ. P. 12(b). *See Smith v. Frazzini*, 139 F.R.D. 677, 678 (D. Colo. 1991) (noting that explicit state statutory authority for

an award of costs controls in a diversity case); *see Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, No. 07-cv-00839, 2008 WL 5044501, at *4 (D. Colo. Nov. 20, 2008), *aff'd Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, Nos. 07-1510, 08-1235, 08-1484, 2009 WL 1598452 (10th Cir. June 9, 2009). By the plain language of the statute, an award of costs is mandatory under C.R.S. § 13-16-113 and should therefore control the award of costs.

To date in this litigation, Crawford has incurred $9,082 in necessary and reasonable costs in its defense against Plaintiff's lawsuit. *See* Ex. 1, Konn Dec. ¶ 15. As those costs were attributable to the general defense of this case, which includes the defense of this action for Crawford (including its successful motion to dismiss) and the individual defendants, Crawford requests an award of $4,541, which represents fifty percent (50%) of those costs. *Id.*

### III.   CONCLUSION

Defendant Crawford & Company respectfully requests an award of its attorneys' fees in the amount of $106,237.30, and its costs in the amount of $4,541.

CERTIFICATE OF CONFERRAL

The undersigned counsel for Crawford certifies that, pursuant to D.C. Colo. L. Civ. R. 7.1(A), counsel for Crawford discussed the grounds for this motion and the relief requested with counsel for Plaintiff. Specifically, counsel for Crawford notified counsel for Plaintiff on January 18 that Crawford would be filing this motion on January 22, 2019. Counsel for the parties discussed this Motion via telephone on January 21, 2019.

Dated this 22nd day of January 2019.

Respectfully submitted,

**DLA PIPER LLP (US)**

9

        _/s/ Jamie M. Konn_
Jamie M. Konn
1201 West Peachtree Street, Suite 2800
Atlanta, Georgia 30309-3450
Telephone: 404.736.7800
Facsimile:  404.682.7800
Email: jamie.konn@dlapiper.com

E. Job Seese, #48379
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
1050 17th St., Suite 2500
Denver, CO 80265
Telephone: 720.512.5820
Facsimile: 918.594.0505
Email: jseese@hallestill.com

*Attorneys for Crawford & Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-03041-CMA-KLM

CUNNINGHAM LINDSEY U.S. INC.,

    Plaintiff,

v.

CRAWFORD & COMPANY,
ROBERT WILLIAMS,
ANDREW LARSON,
WILLIAM WALLS,
THOMAS WALLS, and
RYAN WALLS,

    Defendants.

---

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2019, I electronically filed this DEFENDANT CRAWFORD & COMPANY'S MOTION FOR ATTORNEYS' FEES AND COSTS with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record for Plaintiff Cunningham Lindsey U.S. Inc.:

    Thomas D. Leland
    Elizabeth A. Austin
    HOLLAND & KNIGHT, LLP
    1801 California Street, Suite 5000
    Denver, Colorado 80202

                                  */s/ Jamie M. Konn*
                                  Jamie Konn